### PRENTISS TOOL & SUPPLY CO. v. SCHIRMER, Sheriff.

*(Supreme Court, General Term, Second Department. February 8, 1892.)*

1. FRAUDULENT CONVEYANCE—WEIGHT OF EVIDENCE—QUESTIONS OF LAW.

A mere charge of fraud in the execution of a bill of sale, though a question of fact, will not of itself entitle a party to go to the jury, it being the duty of the court to determine whether there be legal evidence of sufficient weight to justify a submission to the jury.

2. SAME—BILL OF SALE—MORTGAGE—"SECURITY FOR DEBT."

Where a bill of sale was executed in payment of a precedent debt, the mere admission of the vendee, drawn from him by leading questions on cross-examination that the same was a "security for a debt," is not sufficient to fix the character of such instrument as a mortgage.

Appeal from circuit court, Westchester county.

Action by the Prentiss Tool & Supply Company against Frank G. Schirmer, sheriff, for the conversion of certain goods levied on as the property of Cora E. Florance, claimed by plaintiff under a bill of sale from her, though there was never any transfer of possession. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and PRATT, J.

*William Romer*, (*Ralph E. Prime*, of counsel,) for appellant. *John M. Perry*, for respondent.

PRATT, J. There was no error of law committed upon the trial. It does not follow that, because one party makes a charge of fraud against another, there must be a question for a jury. Fraud is a question of fact; but to go before the jury there must be legal evidence, and whether such evidence exists, and, if it does, whether of sufficient weight to sustain a verdict, is a question for the court. The court below properly refused to submit the question to the jury. There is no foundation for the claim that the instrument was a mortgage. The goods were sold to pay a precedent debt, and it was not difficult for counsel, but putting the words into the mouth of the witness, to get him to say he received them as "security for a debt." There was no possibility of a surplus. The transaction was a sale, and not a mortgage.

Judgment affirmed, with costs.